IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. ARMSTRONG,       No. CIV S-11-1576-GEB-CMK

    Plaintiff,

  vs.       FINDINGS AND RECOMMENDATIONS

REDDING PAROLE DEPARTMENT, et. al.,

    Defendant.

    /

    Plaintiff, proceeding in pro per, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending[1] before the court is plaintiff's amended complaint (Doc. 9).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

---

[1] Plaintiff has also filed a motion for default judgment (Doc. 12).  However, no defendant has been formally served, nor has such service been authorized, and plaintiff has not obtained a clerk's entry of judgment.  As such, there is no basis for a default judgment.

malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.  Because plaintiff, who is no longer incarcerated, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

## I. PLAINTIFF'S ALLEGATIONS

This is plaintiff's third action[2] against the Redding Parole Department and/or parole officers.  In this case, as with some of his other's, plaintiff's complaint is difficult to read and understand.  Plaintiff alleges his Constitutional rights have been violated by the defendants in several ways.  He states that his Fifth Amendment rights have been violated "by means of over incarceration above and beyond that of the sentencing courts Maximum sentence . . . ." (Am. Compl, Doc. 10, at 2 (spelling corrected)).  Plaintiff references parole violations and claims the defendants abused their power and conspired to have him incarcerated for missing a doctor's

---

[2] The court notes plaintiff has at least two other cases filed in this court, 09cv0062 and 07cv1046, which appear to raise claims regarding the terms of his parole.  The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).  Thus, this court may take judicial notice of its own records.  See Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

appointment. Plaintiff also appears to be complaining about the terms of his parole, including not being able to communicate with his mother, which again resulted in a parole violation and denied him his right to freedom of association. He further contends that he has been re-sentenced, the defendants subjected him to double jeopardy apparently through his parole violations, and he was denied his right to confront the witnesses against him. Finally, he alleges the defendants have violated state law, including sentencing laws, mandatory state credits, false imprisonment, and negligence.

## II.  DISCUSSION

Reading the complaint as a whole, it appears to the undersigned that plaintiff believes he has been held on parole longer than he should have been, based on unjust parole violations and terms, and he should be released from parole and paid money damages. Plaintiff has been informed in his previous actions that challenges to the terms of parole are properly brought through a writ of habeas corpus, not a civil rights action pursuant to 28 U.S.C. § 1983. However, plaintiff continues to try to address his complaints in this court with a § 1983 action.

As plaintiff has previously been informed, when a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable

because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); <u>cf.</u> <u>Neal</u>, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); <u>cf.</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. <u>See</u> <u>Blueford v. Prunty</u>, 108 F.3d 251, 255 (9th Cir. 1997); <u>Trimble</u>, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. <u>See</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 649 (1987); <u>Heck</u>, 512 U.S. at 487; <u>Trimble</u>, 49 F.3d at 585.

Here, plaintiff is seeking a million dollars in money damages. He has not, however, provided the court with any indication that he has followed previous instructions regarding what is necessary prior to bringing a civil rights action for money damages. He has not informed the court that the terms of his parole have been invalidated on appeal, by habeas petition, or through some similar proceeding, thereby providing grounds for this action to proceed. Plaintiff's prior cases, specifically case number 09cv0062-FCD-CMK, were dismissed on these same grounds and that dismissal was affirmed on appeal. Until such time as plaintiff successfully challenges the terms of his parole and/or his parole violations on appeal or through a habeas action, he may not proceed on these claims for money damages.

/ / /

/ / /

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted, and all other pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 11, 2012

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE